FILED
SUPERIOR COURT
OF GUAM

2023 NOV 13 PM 4:04

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| PEOPLE OF GUAM, | |
| Plaintiff, | Criminal Case No. **CM0363-22**<br>GPD Report No: 21-26405 |
| vs. | **DECISION AND ORDER**<br>**DENYING PEOPLE'S**<br>**MOTION TO INTRODUCE**<br>**413 EVIDENCE** |
| UGOCHUKWU ENYINNAYA AKOMA,<br>DOB: 02/28/1972 | |
| Defendant. | |

## I.  INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 22, 2023, for an evidentiary hearing on the People of Guam's ("People") Notice of Intent to Admit 413 Evidence and the resulting motions from the respective parties. Assistant Attorney General Grant Olan represents the People in this matter, and the ARRIOLA LAW FIRM, by Attorney Joaquin C. Arriola, Jr., represents Ugochukwu Enyinnaya Akoma ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Findings of Fact and Conclusions of Law.

## II.  PRELIMINARY MATTERS

In the interest of privacy, confidentiality, and to avoid unnecessary trauma and unwarranted stigma from publicity, the Court acknowledges that the Guam Rules of Appellate Procedure provides: that "[a]ll motions, briefs, opinions, and orders of the court shall refer to a . . . victim of a sex crime . . . by initials only." *See* Guam R. App. P. (e)(3)(B). With respect to the sealed nature

of the evidentiary hearings that are referred to herein, the Court will identify the witnesses by their initials.

### III. FINDINGS OF FACT

Base on the testimony adduced at the evidentiary hearing held on June 22, 2023, the Court finds the following facts:

<u>Witness No.1: T.J.</u>

1. T.J. identified the Defendant, who was present in the courtroom, as the man she alleged had sexually assaulted her;

2. T.J. testified that she was a patient seeing the Defendant for medical purposes;

3. T.J. testified that she saw the Defendant on two occasions for medical purposes;

4. T.J. testified that she was alone with the Defendant at the time of the alleged incident;

5. T.J. testified that she was in an examination room with the Defendant at the time of the alleged incident;

6. T.J. testified that, on her first visit, the Defendant, without consent, removed or attempted to remove articles of clothing from her body;

7. T.J. testified that the Defendant made several inappropriate comments to her following removing or attempting to remove articles of clothing from her body;

8. T.J. testified that, on her second visit, the Defendant again made several inappropriate comments to her;

9. T.J. testified that the Defendant placed his finger on her middle thigh and ran it up her leg toward her upper middle thigh;

10. T.J. testified that the Defendant told her to stand up, and she did so;

11. T.J. testified that the Defendant then twirled her around until her posterior was facing the Defendant;

12. T.J. testified that Defendant made a sound like "mmm" while her posterior was facing toward the Defendant;

13. T.J. testified that she then turned to face the Defendant directly;

14. T.J. testified that the Defendant then tried to kiss her, but she turned her cheek away and the Defendant did not kiss her; and

15. T.J. testified that she then left.

<u>Witness No.2: J.M.</u>

1. J.M. was unable or unwilling to identify the Defendant, who was present in the courtroom;

2. J.M. testified that she visited a doctor once for ear issues;

3. J.M. was presented with a paper by the prosecutor that she could not identify;

4. J.M. testified that the doctor in question had asked her to lay on her side, which she did; and

5. J.M. testified that the doctor in question had then touched her breast over the clothes.

## IV. CONCLUSIONS OF LAW

Based upon the facts presented above, and with consideration for the arguments presented by the People of Guam and the Defendant, the Court now makes the following conclusions of law:

### A. PRELIMINARY ARGUMENTS PRESENTED BY DEFENDANT

#### 1A. Proper Notice Under Rule 413

Defendant has argued that the People did not provide adequate notice under GRE 413. Reply to Gov't's Opp'n, 2 (Apr. 21, 2023). The relevant provision of Rule 413 states:

> In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for *good cause*.

6 G.C.A. § 413(b) (emphasis added).

In the instant case, the original trial date was scheduled for April 26, 2023. *See* Criminal Trial Scheduling Order (Dec. 16, 2022). Defendant subsequently requested an extension of the discovery motion cut-off and other dates contained in the trial scheduling order for a period of no less than ninety (90) days. *See* Motion to Extend Time and Dates In Trial Scheduling Order (Feb. 13, 2023). The People did not oppose the motion. *See* Non-Opposition to Motion to Extend Time and Dates in Trial Scheduling Order (Mar. 13, 2023). The Defendant then filed a Motion *in Limine* to Exclude G.R.E. 404(b) and 413 Evidence and a Memorandum of Point and Authorities in Support of the motion. *See* Defendant's Motion in *Limine* to Exclude G.R.E. 404(b) and 413 Evidence (Apr. 14, 2023). The People submitted their Notice of Intent to Admit Rule 413 Evidence on April 17, 2023.

Given the fact that the court did not act on the Defendant's motion to extend time and dates but that it continued the pre-trial conference to a later date to allow Defendant enough time to reply to the People's motions; the Court accepts that this required notice was not submitted within the time required in its original trial scheduling order. However, the Court will not hold the confusion of trial dates against any party and thus finds good cause for the delay in filing the instant motion and will proceed to resolve the instant motion.

**1B. Evidence of Prior Convictions and The Applicable Statute of Limitations**

Defendant argues that the allegations made in the Rule 413 testimonies at the evidentiary hearing are "stale" and beyond the statute of limitations. Reply to Govt's Opp'n, 7 (Apr. 21, 2023). Moreover, the Defendant argues that similar cases have weighed the time of a defendant's conviction when measuring closeness in time. Reply, Apr. 21, 2023, (referencing *Chinel*, 2013 Guam 24 ¶ 42; CF0109-17, *People v. R.L. Patterson*, D&O at 4-5 (Feb. 22, 2018) (J. Iriarte); CF0101-17, *People v. Santos*, D&O at 4-5 (June 29, 2017) (J. Iriarte)).

The Court disagrees. While many cases before dealing with the admission of GRE 413 evidence have weighed past convictions, the Court can only consider the nature of the evidence brought before it. Moreover, GRE 413 itself is clear that ". . . evidence of a defendant's *commission* of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant." 6 G.C.A. § 413 (emphasis added). Commission is not conviction, and this court sees no interpretation from higher or similar courts that evidence admitted under GRE 413 must be of a conviction or that the statute of limitations has any effect on the analysis.

The Court agrees, however, with the Defendant's statement that in *Chinel* the gap between prior and current alleged acts was four years and this weighed in favor of admissibility. *See People v. Chinel*, 2013 Guam 24 ¶ 42. In the instant case, the time between the prior and current alleged acts is approximately one year, substantially less than in *Chinel*, and as such the Court finds no issue in this regard.

### V. GRE 413

Generally, evidence of past crimes could be admitted for certain purposes, but such evidence is barred if introduced to "prove the character of a person in order to show that he acted

in conformity therewith." *Chinel*, 2013 Guam 24 ¶ 21 (quoting GRE 404(b)). The Supreme Court of Guam noted in *Chinel* that in 1994, the United States Congress made a fundamental exception to this rule by enacting the Federal Rules of Evidence ("FRE") Rule 413. *Id.* The purpose of the new rule "was to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in alleged sexual assault cases." *Id.* (quoting *Martinez v. Chui*, 608 F.3d 54, 59 (1st Cir. 2010)). In other words, the purpose of Rule 413 "was to specifically permit such evidence to show *propensity.*" *Id.* at ¶ 28 (emphasis added). In 2006, Guam enacted its own GRE 413, which is sourced from FRE 413, through a Supreme Court Promulgation Order. *Id* at ¶ 22; *Re: Adoption of the 2006 Guam Rules of Evidence*, PRM06-001 (Jan. 1, 2006).

The Court has adopted a three-part inquiry to determine if a prior offense or conduct is admissible under GRE 413. *Id. at* ¶ ¶25-26 (citation omitted). First, the defendant in the present case must be accused of sexual assault; second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault; and third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded. *Id.*

### A. Defendant in the Present Case is Accused of Sexual Assault

The Defendant here is charged with two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) in violation of 9 GCA § 25.30(a)(1) and (b). There is no dispute that the first requirement is satisfied.

### B. The Evidence Proffered Must be Evidence of the Defendant's Commission of Another Past Act of Sexual Assault

Next, the People seek to admit testimony of T.J. and J.M. as evidence of the Defendant's commission of another past pact of sexual assault. Defendant argues that these "second hand,

uncharged, uncorroborated, and unsubstantiated allegations" have no relevance. Def's Opp'n, 9 (Apr. 21, 2023).

Testimony admitted under GRE 413 need not be evidence of a past charged crime. *See People v. Ehlert*, 2019 Guam 3, ¶ 5 (holding that accusations of an unreported sexual assault were sufficiently similar to the acts charged that the trial court did not abuse its discretion in admitting the testimony under GRE 413); *see also U.S. v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001). Additionally, the court finds the witnesses' live testimony, given under oath, sufficient to overcome the argument that their testimony is irrelevant due to being "uncorroborated, unsubstantiated, or second hand."

The evidence as contained in T.J.'s testimony of June 22, 2023, may be summarized as follows:

1. T.J. knew the Defendant as a doctor;
2. T.J. and the Defendant were alone in an examination at the time of the alleged incident;
3. T.J. was touched on the middle and upper thigh, and later on the waist.
4. The Defendant tried to kiss T.J.

The incident involving the other witness, J.M., on the other hand was that:

1. J.M. may or may not have known the Defendant as a doctor;
2. J.M. was in a room alone with an unconfirmed person;
3. J.M. was touched on the breast.

Both testimonies involve being alone in an examination room with a doctor when an incident occurred. However, the testimony of T.J. does not constitute an allegation of criminal sexual conduct under 9 GCA § 25.15-30. All degrees of criminal sexual conduct under Guam Law require "sexual penetration" or "sexual contact." "Sexual contact" is defined as:

> Sexual Contact includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

"Intimate parts" are defined as: The primary genital area, groin, inner thigh, buttock, or breast of a human being. 9 G.C.A. § 25.10.

Since T.J. only alleges that the Defendant touched her middle thigh and attempted to kiss her, the incident does not constitute an allegation of criminal sexual conduct. However, J.M.'s testimony does seem to involve an allegation of sexual assault.

Therefore, only J.M.'s allegations need be further examined for relevancy under GRE 413.

## C. The Past Act Must be Relevant

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. 6 G.C.A. § 401. A fact is of consequence when its existence would provide the factfinder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *United States v. Begay*, 497 F. Supp.3d 1025, 1051 (D.N.M. 2020). Generally, all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act, by the laws of Guam, by the Guam Rules of Evidence, or other rules prescribed by the Supreme Court of Guam pursuant to its statutory authority. Irrelevant evidence is not admissible. 6 G.C.A. § 402.

"It is generally accepted that a defendant with the propensity to commit *acts similar to those charged* is more likely to have committed the charged act than another and therefore such evidence is *relevant*." *People v. Chinel*, 2013 Guam 24 ¶ 28 (emphasis added) (quoting *Doe ex rel.*

*Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). Therefore, the question becomes whether the testimony of the witnesses is relevant to prove the charges against Defendant in the instant case.

In the instant case, Defendant was accused of two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) on October 20, 2022. The complaint states that, according to a police report filed on October 26, 2021, **D.A.T. (DOB: 01/15/1992)** stated that she had been sexually assaulted by a male doctor on October 23, 2021, in his clinic. The report states that **D.A.T.** told an officer she had gone to her doctor's office to discuss anxiety medication he had prescribed to her, and that the doctor in question was the **Defendant.** In the report, **D.A.T.** indicated that she was alone with the Defendant in an examination room at the time of the incident, and that the Defendant grabbed the victim's hand and forced her to touch his penis over his clothing. The report goes on that **D.A.T.** claims to have protested whereupon Defendant began rubbing the victim's primary genital area with his hand, despite repeated protestations from **D.A.T.**. The relevant portion of the report concludes **D.A.T.** reported the Defendant then received a phone call, and while the Defendant was thus occupied with the phone call, **D.A.T.** ran out from the room and later filed a police report.

As described earlier, the People assert that J.M.'s testimony of the incident that occurred with her, assuming it was the Defendant, is relevant because it demonstrates that the Defendant sexually molested other patients. People's Opp'n to Defendant's Motion in Limine to Exclude the Introduction of Rule 413 Evidence, April 17, 2023. The events are within two years of the events alleged in the case, the case involves sexual conduct, and the victim was a patient who had gone to see Defendant for medical treatment. *Id.* The evidence shows that Defendant's conduct is not an accident, and that Defendant intentionally engages in sexual conduct. *Id.*

However, even if relevant an analysis pursuant to GRE 403 to determine whether the "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* GRE 403. *See also Chinel*, 2013 Guam 24 ¶30. Furthermore, our Supreme Court has instructed Guam trial courts to apply the test outlined by the Ninth Circuit in *United States v. LeMay*, 260 F.3d 1018, 1026-27 (9th Cir. 2001), to wit: "(1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Id.* at ¶39 (citation omitted).

Here, regarding the testimony of J.M., there is significant concern that the witness was not competent to testify about the incident due to mental health issues. Digital Recording at 04:33:00–05:00:05. The witness had difficulty recalling basic facts such as the year she graduated high school. *Id.* J.M. did not recall Defendant's name but said that the doctor was "a bad man". *Id.* J.M. also could not recall the date of her medical appointment with the Defendant or identify a signature on a medical excuse note. *Id.* J.M. refused to go into further detail when prompted to explain the inappropriate touching, becoming very emotional and saying that she was "getting mad". *Id.* J.M. could not recall the details given by her sister during the police report and became belligerent during questioning because "she was tired" and upset about a conflict she was experiencing with a coworker. *Id.* J.M. became increasingly agitated during examination and did not seem to understand that the attorney's questioning was designed to allow the witness to explain events as they had occurred. *Id.* Finally, the emotional state of the witness was uncontrolled to such a degree that Defendant's counsel was incapable of effectively cross-examining her. *Id.* The

mental limitations of the witness are such that this Court finds that the probative value of her testimony does not outweigh the danger of unfair prejudice, confusion of the issues, and misleading the jury.

## VI. CONCLUSION

In accordance with these Findings of Fact and Conclusions of Law, and having heard all the briefs, motions, oral arguments, and considered the applicable law, the Court hereby **DENIES** the People's Motion to Admit Rule 413 Evidence as it relates to T.J. and J.M.

NOV 1 3 2023

**IT IS SO ORDERED**

**HONORABLE ALBERTO E. TOLENTINO**

**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**

I acknowledge that an electronic copy of the original was e-mailed to:

AG, Arriola Law

Date: 11/13/23 Time: 4:09pm

Antonio Cruz

Deputy Clerk, Superior Court of Guam